IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELENA YRIS ROSARIO MENA, :

: Civil Action 2:09-cv-484
      Plaintiff
: Judge Marbley
v.
: Magistrate Judge Abel
PETSMART, INC.
:
      Defendant

**REPORT AND RECOMMENDATION**

Plaintiff Elena Yris Rosario Mena brings this action to demand the payment of disability, claiming that she was struck by a falling box while working for Defendant. This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915A(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997).

The complaint states:

    I want to be paid disability each month since I had an accident while working at PetsMart Inc. on 3/10/2003. For the last seven years I have had a lot of health problems that were caused by this accident. A heavy box fell on top of my shoulders & back, breaking 3 bones in my

1

chest & back, 2 disks in my spinal cord in my neck were also damaged
in this accident. Ever since this accident I have had severe pain in my
neck, shoulder & headaches, & nausea.

These problems the pain & suffering is so great I can not work
and have great difficulty with my household chores.

These medical problems may be verified in my medical records.

(Doc. 5 at 3.) The complaint further states that Plaintiff seeks as relief "I want the court to order PetsMart Inc. to pay disability to me as a result of the on the job accident." (Doc. 5 at 4.)

Plaintiff is an Ohioan, and she has listed as Defendant's address a facility in Groveport, Ohio, where the Court assumes that she alleges the accident occurred. She has not specified the legal theory under which she seeks to recover. However, under Ohio law, employers who comply with Ohio's state workers' compensation mandates cannot be sued for injuries received by an employee in the course of her employment. O.R.C. §4123.74. Plaintiff has not alleged that Petsmart, Inc. has failed to comply with Ohio workers' compensation laws. Therefore, the proper way for her to seek compensation for her injury – if any is available – is through filing a claim with the Ohio Bureau of Workers' Compensation.

An employer can be sued for injuries which it intentionally inflicted upon an employee. *Brady v. Safety-Kleen Corp.*, 61 Ohio St.3d 624, syllabus at 1 (2008). However, a lawsuit involving such an injury occurring in 2003 would have to have been filed within one year of the accident. From the facts which Plaintiff alleges, it appears that the statute of limitations for her claim has already elapsed. *Boyle v.*

*Atlas Auto Crushers, Inc.*, 2009 WL 973174 (Ohio App. 11th Dist., April 10, 2009) (statute of limitations for intentional tort occurring before April 7, 2005 was one year). Furthermore, she has not alleged that her injury was intentionally inflicted.

Because it appears that Plaintiff's claim is barred as a matter of law, the Magistrate Judge **RECOMMENDS** that this case be **DISMISSED**. **IT IS FURTHER ORDERED** that the United States Marshal serve by certified mail upon Defendant a copy of the Amended Complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

                                              s/Mark R. Abel
                                              United States Magistrate Judge